IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| INTERNATIONAL PAINTERS AND ALLIED TRADES INDUSTRY PENSION FUND, *et al.*, | * | |
| | * | |
| Plaintiffs, | * | Case No. WDQ-10-3645 |
| v. | * | |
| VIMAS PAINTING COMPANY, INC., *et al.*, | * | |
| | * | |
| Defendants. | | |
| * * * * * * | | |

**REPORT AND RECOMMENDATION**

This Report and Recommendation addresses the Motion to Reinstate Lawsuit for the Limited Purpose of Entry of Consent Order and Judgment ("the Motion") (ECF No. 26) filed by Plaintiffs International Painters and Allied Trades Industry Pension Fund, *et al*. Defendants Vimas Painting Company, Inc., *et al*. have not filed a response, and the time for doing so has passed. *See* Loc. R. 105.2.a. On March 24, 2014, in accordance with 28 U.S.C. § 636 and Local Rule 301, Judge Quarles referred this case to me for a report and recommendation on Plaintiffs' Motion. (ECF No. 27). For the reasons set forth below, I respectfully recommend that Plaintiffs' Motion be GRANTED.

**I.    FACTUAL AND PROCEDURAL HISTORY**

On December 29, 2010, Plaintiffs filed a Complaint (ECF No. 1) against Defendants under 29 U.S.C. §§ 185(a), 1132 and 1145. On or about June 24, 2011, the parties reached a settlement and executed a settlement agreement (ECF No. 26-4). Plaintiffs filed stipulations of dismissal as to each of the Defendants (ECF Nos. 22 & 23), which were granted by the Court on June 28, 2011 (ECF Nos. 24 & 25). While the stipulation of dismissal as to Defendant Bessie

Xipolitas was an unconditional dismissal with prejudice, the stipulation of dismissal as to Defendant Vimas Painting Company, Inc. ("the Company") operated as a dismissal without prejudice with the condition that the case was "subject to reinstatement under the terms of the settlement agreement." *Id.*

Plaintiffs state that the Company fell into arrears on its settlement payments in January 2013 and has not made an installment payment as required by the settlement agreement since October 2013. (ECF No. 26-1 at 2). Although Plaintiffs have sent the Company formal notices of default, the Company has not cured its default. (ECF No. 26-1 at 2-3). Plaintiffs now seek "that this matter be reinstated to the Court's active docket for the purpose of entry of the Consent Order and Judgment." (ECF No. 26 at 1). Plaintiffs seek judgment in the amount of $228,152.31, which includes the amount the Company agreed to pay in the settlement agreement, as well as post-settlement interest, attorney's fees and costs. (ECF No. 26-1 at 3).

## II.     DISCUSSION

### A.     Reinstatement to Enforce a Settlement Agreement

When a district court dismisses a case under Rule 41(a)(1)(A)(ii) because the parties have reached a settlement agreement, the court may enforce the terms of the settlement agreement if it incorporated the terms of the settlement agreement in the order of dismissal, or if it separately ordered that it would retain jurisdiction over the settlement agreement. *Kokkonen v. Guardian Life Ins. Co. of America*, 511 U.S. 375, 381 (1994). *See also Smyth ex rel. Smyth v. Rivero*, 282 F.3d 268 (4th Cir. 2002) ("If the obligation to comply with the terms of the agreement is not made part of an order of the court, jurisdiction to enforce the settlement agreement will not exist absent some independent basis of jurisdiction."); *Board of Trustees of the Hotel and Restaurant Employees Local 25 v. Madison Hotel, Inc.*, 97 F.3d 1479, 1483 (D.C. Cir. 1996) (finding that

because "there generally is federal jurisdiction over litigation of agreements settling ERISA claims," the court did not need to decide whether a mere reference to a settlement agreement in a stipulation of dismissal was sufficient to retain federal jurisdiction in accordance with *Kokkonen*).

### B.      The Court's Authority under Rule 60

District courts have the authority to reopen a case under Rule 60 of the Federal Rules of Civil Procedure for "any . . . reason that justifies relief." Fed. R. Civ. P. 60(b)(6). Generally, only truly "extraordinary circumstances" will allow a party to successfully invoke Rule 60(b)(6). *Liljeberg v. Health Servs. Acquisition Corp.*, 486 U.S. 847, 863 n.11 (1988). In any event, a motion under Rule 60(b)(6) must be filed within a "reasonable time," and it is incumbent upon the moving party to "make a showing of timeliness." *McLawhorn v. John W. Daniel & Co., Inc.*, 924 F.2d 535, 538 (4th Cir. 1991). *See also Trustees of the Painters' Trust Fund of Washington, D.C. and Vicinity v. Clabbers*, No. DKC-02-4063, 2010 WL 2732241 (D. Md. July 9, 2010) (finding that a moving party failed to demonstrate extraordinary circumstances to vacate a dismissal order where the order did not incorporate the settlement agreement and the party did not move to reopen until "over five years from the last date of any filing").

### C.      Reinstatement and Entry of the Consent Order and Judgment in this Case

Here, Plaintiffs and the Company stipulated that all of the claims in the case were "DISMISSED WITHOUT PREJUDICE subject to reinstatement under the terms and conditions of the settlement agreement . . . dated June 24, 2011." (ECF No. 23). The Court entered an order dismissing Plaintiffs' claims against the Company without prejudice "subject to reinstatement under the terms and conditions of the Settlement Agreement by and between all parties to this

action dated June 24, 2011." (ECF No. 25). A copy of the settlement agreement (ECF No. 26-4) incorporated into the Court's order of dismissal is attached to Plaintiffs' Motion.

The settlement agreement provides that the Company "shall pay Plaintiffs the sum of $450,000.00," and that Plaintiffs' claims would be dismissed without prejudice, "subject to reinstatement and immediate entry of a Consent Judgment as to Company, pursuant to the parties['] joint stipulation, in the event of an uncured default under this Agreement." (ECF No. 26-4 at 3). The parties executed a Joint Stipulation for Entry of Consent Order and Judgment (ECF No. 26-4 at 12), which provided that a Consent Order and Judgment (ECF No. 26-4 at 13-14) "may be entered against Vimas Painting Company, Inc. without further notice or hearing." Plaintiffs agreed to "refrain from filing the Joint Stipulation and the Consent Order and Judgment . . . unless an uncured default occurs." (ECF No. 26-4 at 3, ¶ 5). An "uncured default" is defined by the settlement agreement to include any failure of the Company "to timely remit any monthly installment payments." (ECF No. 26-4 at 5-6, ¶ 10). The Company is permitted to cure a default, and the procedures for doing so are outlined in the settlement agreement. *Id.* In the event that a default is not timely cured, the settlement agreement also provides that "the unpaid balance of the Settlement Sum together with interest at the rate of four percent annually (4.00%) shall immediately become due and payable in full." In addition, the Company "shall pay all reasonable attorneys' fees and costs incurred to collect the sums due, enforce [the settlement agreement], or file and execute upon the Judgment." (ECF No. 26-4 at 6, ¶¶ 13-14).

Plaintiffs' Motion states that the Company fell into arrears on its settlement payments in January 2013. After Plaintiffs notified Company of the default, the Company made some additional payments, but did not cure the default. Plaintiffs have not received an installment payment from the Company since October 4, 2013. Pursuant to the terms of the settlement

agreement, notices of default were transmitted to the Company six times between January 2013 and December 2013. Each notice allows the Company ten days to cure the default from the date the notice is received. Because more than ten days have elapsed from the Company's receipt of the notices and the Company has not yet cured the default, Plaintiffs are entitled to the entry of the Consent Order and Judgment under the terms of the settlement agreement.

Because the Court's order dismissing this case without prejudice specifically stated that case was subject to reinstatement under the terms of the settlement agreement, reinstatement of this action would not be in contravention of the principles of *Kokkonen*. In addition, because the settlement agreement expressly contemplated that this action would be reinstated for the entry of the Consent Order and Judgment if the Company defaulted, reinstatement of this action would be in the interests of justice, as required by Rule 60(b)(6). I note that Plaintiffs' Motion was filed in January 2014, less than four months from the date that the Company last submitted a payment, which I find to be timely under Rule 60(c).

### D.     Calculation of Judgment Amount

As explained more fully below, I recommend that the Court enter judgment in the amount of $228,152.31 against the Company. This amount takes into account the $264,458.90 in payments made by the Company, the $25,569.11 in interest that accumulated on the unpaid settlement sum, and attorney's fees and costs in the amount of $17,042.10.

#### 1.     Balance of Settlement Sum and Interest

The parties agreed in the settlement agreement that the Company would pay $450,000.00 to Plaintiffs (the "settlement sum"), and in the event of an uncured default, interest at the rate of four percent annually, in addition to reasonable attorneys' fees and costs incurred to collect the settlement sum and enforce the settlement agreement. (ECF No. 26-4). Plaintiffs state that, to

date, the Company has made payments that amount to $264,458.90. This amount must be subtracted from the judgment against the Company in accordance with the settlement agreement and paragraph 2 of the Consent Order and Judgment (ECF No. 26-4 at 13). This leaves a balance of $185,541.10 of the settlement sum due. Pursuant to the terms of the settlement agreement, the Company is responsible for interest at the rate of four percent annually on the balance due from October 7, 2010 to January 20, 2014, which results in $25,569.11 in interest. (*See* ECF Nos. 26-4 at 10, 26-1 at 3 & 26-6).

### 2.   Attorney's Fees and Costs

The company is required to pay Plaintiffs' reasonable attorney's fees and costs under the terms of the settlement agreement and the Consent Order and Judgment. (ECF No. 26-4 at 6, 14). The Fourth Circuit has stated that in determining the reasonableness of attorney's fees, a court's

> discretion should be guided by the following twelve factors: (1) the time and labor expended; (2) the novelty and difficulty of the questions raised; (3) the skill required to properly perform the legal services rendered; (4) the attorney's opportunity costs in pressing the instant litigation; (5) the customary fee for like work; (6) the attorney's expectations at the outset of the litigation; (7) the time limitations imposed by the client or circumstances; (8) the amount in controversy and the results obtained; (9) the experience, reputation and ability of the attorney; (10) the undesirability of the case within the legal community in which the suit arose; (11) the nature and length of the professional relationship between attorney and client; and (12) attorneys' fees awards in similar cases.

*Robinson v. Equifax Info. Servs., LLC*, 560 F.3d 235, 243 (4th Cir. 2009). In addition, Appendix B to this Court's Local Rules ("Rules and Guidelines for Determining Attorneys' Fees in Certain Cases") provides that paralegals and law clerks may reasonably bill $95.00-$115.00 per hour; lawyers admitted to the bar for nine to fourteen years may reasonably bill $225.00-$300.00 per hour; and lawyers admitted to the bar for fifteen years or more may reasonably bill $275.00-$400.00 per hour. These hourly rates serve only as guidelines in determining the reasonableness of an attorney or paralegal's hourly rate.

Throughout this case, Plaintiffs have been represented by a number of attorneys employed by the law firm of Jennings Sigmond, P.C. Jessica Reynolds, Esq., one of Plaintiffs' attorneys, has submitted an affidavit (ECF No. 26-7) to justify Plaintiffs' attorney's fees and costs in this case. The affidavit explains that Plaintiffs' attorneys' hourly rates in this case "reflect a special fee schedule with the International Painters and Allied Trades Union and Industry Pension Fund for a $220.00-$235.00 per hour rate for attorneys and $70.00 per hour for paralegals and clerks." (ECF No. 26-7 at 3). The affidavit also sets forth a brief professional profile of each of Plaintiffs' attorneys. I note that each of the attorneys have practiced law for more than eight years, and that their hourly rates are within or below the Local Rules' guidelines for reasonable hourly rates. I find that the hourly rates for Plaintiffs' attorneys, paralegals and law clerks are reasonable.

Ms. Reynolds has also attached reports that describe all of the work performed by Plaintiffs' attorneys, paralegals and law clerks, as well as the date, billing attorney or paralegal, hours claimed, hourly rate, and total amount billed for each task. The reports also include the expenses that have been billed to Plaintiffs in this case. In total, the fees and costs amount to $17,042.10. I have reviewed the work performed by Plaintiffs' attorneys and find that the time the attorneys spent on this case is reasonable. I recommend that attorney's fees and costs in the amount of $17,042.10 be added to the judgment against the Company.

Accordingly, I find that Plaintiffs' calculation of the judgment amount of $228,152.31 (this figure is the sum of the principal the Company still owes in the amount of $185,541.10, interest in the amount of $25,569.11, and attorney's fees and costs in the amount of $17,042.10) is correct, and complies with the terms of the parties' settlement agreement and Consent Order and Judgment.

### III.    CONCLUSION

In sum, I recommend that the Court grant Plaintiffs' Motion to Reinstate Lawsuit and enter the Consent Order and Judgment (ECF No. 26-3) attached to the Motion.

I also direct the Clerk to mail a copy of this Report and Recommendation to the following address:

> Vimas Painting Company, Inc.
> 4328 McCartney Road
> Lowellville, OH  44436

Any objections to this Report and Recommendation must be served and filed within fourteen (14) days, pursuant to Fed. R. Civ. P. 72(b) and Local Rule 301.5.b.

<u>May 2, 2014</u>                                                      <u>        /s/                            </u>
Date                                                                          Timothy J. Sullivan
                                                                                 United States Magistrate Judge