IN THE UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF MARYLAND, NORTHERN DIVISION

INTERNATIONAL PAINTERS AND     *
ALLIED TRADES INDUSTRY PENSION   *
FUND, *et al.*,
                     *

      Plaintiffs,
                     *

        v.                CIVIL NO.: WDQ-10-3645
                     *

VIMAS PAINTING COMPANY, INC.,
*et al.*                      *

      Defendants.           *

                     *

*     *     *     *     *     *     *     *     *     *     *     *     *

MEMORANDUM OPINION

The International Painters and Allied Trades Industry Pension Fund (the "Fund") and others[1] (collectively "the Plaintiffs"), sued Vimas Painting Company, Inc. ("Vimas Painting Company"), and Bessie Xipolitas (collectively "the Defendants") for violations of the Employee Retirement Income Security Act ("ERISA").[2] Pending is Vimas Painting Company's objection to Judge Sullivan's Report and Recommendation ("R&R") on the Plaintiffs' motion to reinstate the lawsuit for the limited purpose of entering a consent order and judgment. For the

---

[1] Gary J. Meyers, a fiduciary of the Funds, and the Painters and Allied Trades Labor Management Cooperative Initiative are also plaintiffs. *See* ECF No. 1.

[2] 29 U.S.C. §§ 1001 *et seq.*

following reasons, the Court will adopt Judge Sullivan's R&R in part.

I.   Background

On December 29, 2010, the Plaintiffs sued the Defendants for violations of ERISA. *See* ECF No. 1. On June 24, 2011, the parties entered into a settlement agreement. *See* ECF No. 26-4. On June 28, 2011, the Plaintiffs filed stipulations of dismissal for each Defendant. ECF Nos. 22, 23. On June 28, 2011, the Court approved the stipulations of dismissal. ECF Nos. 24, 25. The stipulation for Vimas Painting Company was a dismissal without prejudice with the condition that the case was "subject to reinstatement under the terms and conditions of the Settlement Agreement." ECF No. 25.

The settlement agreement provides for Vimas Painting Company to pay a down payment of $50,000, and the balance of $400,000 in 48 equal installments of $9,324.30, including interest at the rate of four percent per annum. ECF No. 26-4 ¶¶ 6-7. The down payment was due on July 15, 2011, and the first installment was due on August 15, 2011. *Id*. Each subsequent installment payment is due on the 15th of each month. *Id*. The settlement agreement provides that the action will be dismissed without prejudice, "subject to reinstatement and immediate entry of a Consent Judgment as to [Vimas Painting] Company, pursuant to the parties['] joint stipulation, in the event of an uncured

default under this Agreement." ECF No. 26-4 ¶ 4. Vimas Painting Company will be considered in default if it "fails to timely remit any monthly installment payments." *Id.* ¶ 10. To cure a default, Vimas Painting Company must submit the missing installment payment within ten days. *Id.* If a default is not timely cured, the Plaintiffs may enter and execute the consent judgment, and the unpaid balance of the settlement sum will immediately become due and payable in full, together with interest at the rate of four percent annually. *Id.* ¶¶ 12-13. Additionally, Vimas Painting Company "shall pay all reasonable attorneys' fees and costs incurred to collect the sums due, enforce this Agreement, or file and execute upon the Judgment." *Id.* ¶ 14.

In January 2013, Vimas Painting Company defaulted on its settlement payments. *See* ECF No. 26-1 at 2; ECF No. 31 at 2. The Fund provided notice of the default, but Vimas Painting Company failed to cure the default. ECF No. 26-1 at 2. After negotiations and a period of renewed installment payments, Vimas Painting Company stopped making payments again. *Id.* The Fund last received an installment payment on October 4, 2013. *Id.* Between January 2013 and December 2013, the Fund sent six formal notices of default to the Defendant. *Id.*; ECF No. 26-5.

On January 28, 2014, the Plaintiffs moved to reopen the case for purposes of entering a consent order and judgment. ECF

No. 26.  The Plaintiffs seek judgment in the amount of

$228,152.31.  ECF No. 26 at 3.  On March 24, 2014, the Court

referred the case to Magistrate Judge Timothy J. Sullivan.  ECF

No. 27.  On May 2, 2014, Judge Sullivan issued an R&R

recommending that the Plaintiffs' motion be granted.  ECF No.

28.  On May 19, 2014, Vimas Painting Company objected to the

R&R.  ECF No. 31.

II.  Analysis

    A.   Legal Standard

    Under the Magistrate Judges Act, 28 U.S.C. § 636, a

district judge may designate a magistrate judge to conduct

hearings (if necessary) and report proposed findings of fact and

recommendations for action on a dispositive motion.  *See* 28

U.S.C. § 636(b)(1)(B); Fed. R. Civ. P. 72(b); *see also* Local

Rule 301.5(b) (D. Md. 2011).

    A party aggrieved by a magistrate judge's R&R as to a

dispositive motion must file "specific written objections to the

proposed findings and recommendations" within 14 days.  Fed. R.

Civ. P. 72(b)(2).  The reviewing judge "shall make a *de novo*

determination of those portions of the [magistrate judge's]

report . . . to which objection is made."  28 U.S.C. §

636(b)(1)(C).  The judge "may accept, reject, or modify, in

whole or in part, the findings or recommendations," and "may

4

also receive further evidence or recommit the matter to the
magistrate judge with instructions." *Id.*

    B.   Reinstatement and Entry of Consent Order and Judgment

A district court may enforce the terms of a settlement
agreement if the obligation to comply with its terms was part of
the order of dismissal. *See Kokkonen v. Guardian Life Ins. Co.
of Am.*, 511 U.S. 375, 381 (1994); *Smyth ex rel. Smyth v. Rivero*,
282 F.3d 268, 280-81 (4th Cir. 2002). Under Rule 60(b)(6), a
court may reopen a case for "any . . . reason that justifies
relief." Fed. R. Civ. P. 60(b)(6).

Here, the Court's dismissal order stated that the claims
against Vimas Painting Company were dismissed without prejudice,
"subject to reinstatement under the terms and conditions of the
Settlement Agreement." ECF No. 25. The settlement agreement
provides that the Plaintiffs' claims would be dismissed without
prejudice, "subject to reinstatement and immediate entry of a
Consent Judgment as to [Vimas Painting] Company, pursuant to the
parties['] joint stipulation, in the event of an uncured default
under this Agreement." ECF No. 26-4 ¶ 4. Vimas Painting
Company defaulted in January 2013. *See* ECF No. 26-1 at 2.[3] The
Plaintiffs last received an installment payment in October 2013.
*See id.* The Plaintiffs complied with the settlement agreement

---

[3] Vimas Painting Company concedes that it was unable to make the
required settlement payments. ECF No. 31 at 2.

by sending formal notices of default to the Defendant.  *See id.*;
ECF No. 26-5.  Vimas Painting Company failed to cure the
default; thus, the Plaintiffs are entitled to the entry of the
Consent Order and Judgment under the terms of the settlement
agreement.  *See* ECF No. 26-4 ¶ 12.

Because the Court's dismissal order stated that the suit
could be reinstated under the terms of the settlement agreement,
the Court has the authority to reinstate the action.  *See*
*Kokkonen*, 511 U.S. at 381.  Additionally, reinstatement under
the terms of the settlement agreement, consistent with the
Court's dismissal order, serves the interest of justice as
required by Rule 60(b)(6).  Accordingly, the Court will adopt
that portion of the R&R recommending granting the Plaintiffs'
motion to reinstate the lawsuit for the purpose of entry of
consent order and judgment will be granted.

C.   Amount of Judgment

The Plaintiffs seek a total judgment amount of $228,152.31,
which includes $25,569.11 in interest and $17,042.10 in
attorneys' fees and costs.  *See* ECF No. 26-1 at 3.  Defendant
Vimas Painting Company objects to the amount of the recommended
judgment.  ECF No. 31 at 2.  Vimas Painting Company recognizes
that the Plaintiff is entitled to interest and attorneys' fees
and costs; however, the Defendant objects to the calculation of

the interest and the reasonableness of the recommended fees.
*See* ECF No. 31 2-5.

      1.   Attorneys' Fees

The Plaintiffs seek attorneys' fees and costs totaling
$17,042.10.  ECF No. 26-1 at 3.  Judge Sullivan has recommended
that the Plaintiffs are entitled to attorneys' fees and costs in
that amount.  ECF No. 27 at 7.  Vimas Painting Company argues
that this award of attorneys' fees is not reasonable because the
motion to reinstate did not require significant expertise, and
the itemized time charges include times before the Defendant was
in default.  *See* ECF No. 31 at 3-4.

The settlement agreement provides that, in the event of
default, Vimas Painting Company "shall pay all reasonable
attorneys' fees and costs incurred to collect the sums due,
enforce this Agreement, or file and execute upon the Judgment."
ECF No. 26-4 ¶ 14.  This language shows that the agreement
contemplates awarding attorneys' fees incurred in the collection
of the amount owed under the agreement as a result of a default.
Accordingly, inclusion of attorneys' fees accrued before default
is inappropriate.  The reports submitted by the Plaintiffs
describing the work performed by the Plaintiffs' attorneys
include itemized work from as early as 2010.  *See* ECF No. 26-8.
Vimas Painting Company did not default on its settlement
agreement payments until January 2013.  *See* ECF No. 26-1 at 2;

ECF No. 31 at 2.  Because the Plaintiffs' proposed attorneys' fees and costs include amounts they are not entitled to under the settlement agreement, the Court will not adopt the R&R with respect to attorneys' fees.  The Plaintiffs will have 14 days to submit a revised motion for entry of a consent order and judgment which includes an explanation or revised calculations for proposed attorneys' fees.

    2.   Interest

The Plaintiffs seek interest in the amount of $25,569.11. *See* ECF No. 26-1 at 3.  The settlement agreement provides that, in the event of an uncured default, "the unpaid balance of the Settlement Sum together with interest at the rate of four percent annually (4.00%) shall immediately become due and payable in full."  ECF No. 26-4 ¶ 13.  The Plaintiffs appear to have calculated their interest figure by applying the four percent annual interest rate from October 7, 2010,[4] to January 20, 2014 to the unpaid balance of $185,542.10.  *See* ECF No. 26-6.  The Defendant calculates the interest from January 1, 2013 to April 30, 2014, as $10,137.90.  *See* ECF No. 31 at 4.  However, it is unclear whether $185,542.10 is the unpaid balance of the principal or of the total settlement sum including interest.  Accordingly, the Court does not have enough

---

[4] This appears to be the date from which the settlement agreement begins to calculate the interest on the principal amount due under the agreement.  *See* ECF No. 26-4 at 9.

information to calculate interest.  The Plaintiffs must include

an explanation or revised interest calculations in the revised

motion for a consent order and judgment.

III. Conclusion

For the reasons stated above, Judge Sullivan's R&R will be

adopted in part.  The Plaintiffs' motion to reinstate the case

will be granted.  The Plaintiffs will have 14 days to submit a

revised motion to enter a consent order and judgment consistent

with this opinion.


_7/10/14_____

Date

_____

William D. Quarles, Jr.
United States District Judge